```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Wilmington Trust FSB,              :

        Plaintiff,                 :

    v.                             :      Case No. 2:10-cv-784

                                   :      JUDGE GREGORY L. FROST
South Central Power Company,              Magistrate Judge Kemp

        Defendant.                 :
```

ORDER

    This case is before the Court for a ruling on defendant South Central Power Company's motion for leave to amend its answer to assert a statute of limitations defense. The motion is fully briefed, with the last memorandum having been filed on June 13, 2011. For the following reasons, the motion will be granted.

I.

    As the complaint reflects, plaintiff Wilmington Trust FSB is acting in this case in an agency capacity. It alleges that at one time, South Central supplied electricity to an entity known as Spiegel Properties, Inc., which later became Eddie Bauer Holdings, Inc., and then EBHI, Inc. EBHI filed for bankruptcy and a liquidation plan was approved for its assets. Wilmington Trust has succeeded to the position of "Term Agent" and is authorized to bring suit on any causes of action which were owned by EBHI. In its complaint, Wilmington Trust alleges that under a contract entered into between Spiegel Properties and South Central which first went into effect in 1993, South Central was authorized to charge Spiegel Properties only certain amounts for the electricity it supplied, but that beginning in 2004, it charged higher rates, resulting in an overpayment to it of some $548,747.00. Wilmington Trust seeks judgment in that amount.

South Central raised a number of defenses in its original answer, which was filed on September 22, 2010. They included waiver, estoppel, and laches, as well as a claim that Wilmington Trust (or its predecessors in interest on this claim) caused damage through inaction. However, the answer did not raise a statute of limitations defense, presumably because Wilmington Trust's claim is founded on a written contract, and the general statute of limitations in Ohio for claims arising from a written contract is fifteen years. See Ohio Rev. Code §2305.06.

At the initial pretrial conference, based on the parties' Rule 26(f) report, the Court set February 15, 2011 as the date by which any motions to amend the pleadings had to be filed. Over three months later, on May 23, 2011, South Central filed its motion for leave to amend its answer. Wilmington Trust opposes the motion on grounds that it comes well after the date for moving for leave to amend, that South Central unreasonably delayed tendering the motion, and that it will be prejudiced if the amendment is permitted. Because of the timing of the motion, the Court must examine both Fed.R.Civ.P. 15(a) and 16(b) to determine if it should be granted or denied.

II.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders

are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002).  The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005)).

     South Central makes a number of arguments concerning its diligence in pursuing discovery.  There appears to be no question that it did so promptly, serving several sets of discovery requests in 2010 and otherwise making a genuine effort to develop its defenses.  The diligence question which must be answered under Rule 16(b), however, is not whether the moving party has been generally diligent or dilatory; it is whether that party

exercised a reasonable degree of diligence with respect to the matter which it now wishes to introduce into the case - here, a statute of limitations defense.  Wilmington Trust argues that it is inconceivable that well before February 15, 2011, South Central did not have some notion that a statute of limitations defense might be available, and that it therefore cannot have acted diligently by waiting until May, 2011 to ask for leave to plead it.  The Court finds Wilmington Trust's argument unpersuasive.

Although South Central makes a vague reference to some late-produced discovery from Wilmington Trust and a deposition taken only a few weeks before it filed its motion, the Court does not see a direct connection between those events and the motion for leave to amend.  It is more likely that the motion was delayed in part because of the volume of bankruptcy papers which South Central had to review - and there does not appear to be any dispute that they are voluminous - and because, as it notes, the law appears to be recognizing, slowly, that a contract for the supply of electricity might be construed as a contract for the sale of goods.  If that is so, the four-year statute of limitations applicable to claims governed by the Uniform Commercial Code, namely O.R.C. §1302.98(A) - might govern.  Because some of the sales of electricity took place more than four years prior to the filing of the complaint, if a four-year limitations period were applied, Wilmington Trust's damages might be reduced.  Waiting for the law to develop is a valid reason for not asserting a defense earlier.  Coupled with the complexity of the underlying bankruptcy proceedings, this is enough to show that South Central acted in a reasonably diligent fashion with respect to asserting this defense.

The question of whether allowing the amendment would unduly prejudice Wilmington Trust is part of the inquiry mandated by

both Rules 15(a) and 16(b). The Court does not perceive such prejudice here. The statute of limitations is, especially in this case, primarily a legal rather than a factual defense. If it applies, it would simply cut off any claim for overcharges for electricity supplied more than four years before the complaint was filed. It should be an easy matter for the parties to work out how the overcharge claim is distributed throughout the life of the contract period, and little, if any, discovery would seem to be needed beyond that which the parties have presumably either completed or are contemplating. Cf. Mulvey Const., Inc. v. Bituminous Cas. Corp., 2011 WL 1231603 (S.D. W.Va. March 30, 2011)(noting that the assertion of a statute of limitations defense usually does not require additional discovery). That is especially true when another time-related defense, laches, has already been asserted. The Court therefore sees no prejudice from the timing of the motion, and concludes that both the "good cause" requirement of Rule 16(b) and the admonition of Rule 15(a) to allow amendments freely in the interests of justice have been met here. Thus, the Court will grant the motion.

### III.

For the foregoing reasons, South Central's motion for leave to amend its answer (#29) is granted. An amended answer identical in form to Exhibit One to the motions shall be filed within seven days.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.

The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge